# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER R. CARMICHAEL,
AND ALL AND EVERY DETAINEE
(PAST, PRESENT, AND FUTURE)
FROM ALAMOGORDO/OTERO
COUNTY WHO ARE, AND HAVE
BEEN "LOCKED-DOWN" IN 23HR
PER DAY "SOLITARY-CONFINEMENT"
SINCE 6/20/2007, AT THE M.T.C./O.C.P.F.
(CLASS-ACTION/JOINDER),

   Petitioner,

 v.                 No. CIV 10-0642 JH/CEG

JAMES FRAWNER--WARDEN OF O.C.P.F./M.T.C.,
MAGISTRATE COURT JUDGE, GENE GALASSINI,
AND NEW MEXICO STATE GOVERNOR;
BILL RICHARDSON,

   Respondent.

## MEMORANDUM OPINION AND ORDER OF REMAND

   This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1441(c), 1447(c), on Petitioner's removed Petition For Writ Of Habeas Corpus. Petitioner is incarcerated and appears pro se. The petition's sole factual allegation is that Petitioner is being improperly held in solitary confinement. Petitioner seeks release from custody, or modification of the conditions of his confinement, and damages. Certain Respondents filed a notice of removal and paid a $350.00 filing fee. The Court will remand Petitioner's petition to the state court.

   Because Petitioner seeks release from custody, his pleading constitutes a habeas corpus petition. "[W]here an inmate seeks injunctive relief challenging . . . the duration of his sentence[,]

[s]uch claims fall within the 'core' of habeas corpus." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Respondents assert in their notice that removal is proper because the Court has "original jurisdiction . . . pursuant to 28 U.S.C. § 1331" of the federal question of unconstitutional conditions of confinement. On the other hand, "[t]here is, of course, no basis in law for the removal of proceedings for habeas corpus from the [state court] to the United States District Court." *United States ex rel. Hamilton v. Maroney*, 355 F.2d 441, 442 (3d Cir. 1966). "Nor are there any other federal provisions authorizing removal of petitions for writs of habeas corpus commenced in state courts." *United States ex rel. Thomas v. Rundle*, 280 F. Supp. 469, 470 (E.D. Pa. 1968). Furthermore, even though Petitioner raises civil rights claims in his petition and seeks damages, in habeas corpus proceedings "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Petitioner's habeas corpus petition, including his otherwise removable civil rights claim, *cf.* § 1441(c), will be remanded for want of jurisdiction. *See Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972).

    IT IS THEREFORE ORDERED that Petitioner's Petition For Writ Of Habeas Corpus is REMANDED to the New Mexico Twelfth Judicial District Court, County of Otero, for want of jurisdiction.

                                                   _____
                                                   UNITED STATES DISTRICT JUDGE